## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## (CHARLESTON DIVISION)

**STATE OF WEST VIRGINIA**, *ex rel.*
**DARRELL V. MCGRAW, JR.**,
Attorney General,

       Plaintiff,

v.

    Civil Action No. _____2:12-3836_____
    [Formally Civil Action No. 12-C-140 in Circuit Court of Boone County, West Virginia]

**CARDINAL HEALTH, INC.**,
an Ohio corporation doing business in
West Virginia,

       Defendant.

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Cardinal Health, Inc. ("Cardinal Health"), hereby removes that certain civil action bearing Civil Action Number 12-C-140 in the Circuit Court of Boone County, West Virginia, from said Circuit Court to this Court.

As grounds for this removal, Cardinal Health states as follows:

1. This action was filed in the Circuit Court on or about June 26, 2012, and service of process on Cardinal Health was effected on June 28, 2012, through service on the West Virginia Secretary of State as Cardinal Health's statutory attorney-in-fact. The Secretary of State forwarded the summons and complaint to Cardinal Health's designated agent for receipt of process by certified mail on June 29, 2012, and

the summons and complaint were actually received by said designated agent on July 3, 2012.

2.      Pursuant to 28 U.S.C. § 1446(b)(1), this Notice is timely filed within thirty days of Cardinal Health's receipt of the summons and complaint.  *See Lilly v. CSX Transportation, Inc.,* 186 F.Supp.2d 672 (S.D.W.Va. 2002); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).   Copies of the summons and complaint are attached hereto as Exhibit A.   On information and belief, no other pleadings or papers have been filed in the Circuit Court, and no orders have been entered.   A certified copy of the docket sheet from the Circuit Court is attached as Exhibit B.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this judicial district and division embrace the location where the state-court action is pending.

4.      Cardinal Health removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). This civil action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B), and/or a "mass action" within the meaning of 28 U.S.C. § 1332(d)(11).

5.      Under CAFA, a "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more persons as a class action." In addition, the parties must be of minimally diverse citizenship, there must be no fewer than 100 class members, and the aggregate amount in controversy must exceed $5 million.  28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(2)(A), (d)(5)(B), (d)(6).

6.      A "mass action" is defined with the same requirements regarding diversity or citizenship, minimum number of members, and aggregate amount in controversy.   Instead of a representative action, however, in a "mass action" one hundred or more plaintiffs "propose" to try monetary claims jointly on the ground that the claims involve common questions or law or fact.   28 U.S.C. § 1332(d)(11)(B)(i).   For purposes of CAFA, a "mass action" is further defined and deemed to be a "class action." § 1332(d)(11)(A).

7.      Cardinal Health is a corporation created and existing under the laws of the State of Ohio, with its principal place of business located in Dublin, Ohio.

8.      Although this case is purportedly brought by the Attorney General ("Attorney General") in the name of the State of West Virginia in its sovereign capacity, the real parties in interest are the individual West Virginia residents upon whose behalf the suit has been brought and for whose benefit the suit seeks relief.   These residents are the members of the putative class.

9.      The citizenship of Cardinal Health and the members of the putative class is totally diverse, though it need only be minimally diverse to satisfy 28 U.S.C. § 1332(d)(2)(A).

10.     It is plain that the number of West Virginia residents for whom relief is sought herein is not "less than 100."   28 U.S.C. § 1332(d)(5)(B).   The complaint alleges, *inter alia*, that (i) 21.5 deaths per 100,000 West Virginia residents (or approximately 378 such deaths) were attributable to prescription drug abuse in the year 2008 alone; (ii) narcotics use contributes to the injuries of twenty percent of patients admitted to Charleston Area Medical Center through its trauma service; (iii) as much as

ninety percent of the caseload of the state's criminal justice system involves prescription drug abuse, either directly or indirectly; (iv) West Virginia is the nation's "most medicated state," with pharmacies filling 18.4 prescriptions per capita in 2009; and (v) Cardinal Health is a "major distributor of controlled substances in West Virginia." Complaint ¶¶ 3, 13.

11.     The amount in controversy, which is the *aggregate* sum sought by or on behalf of the class pursuant to 28 U.S.C. § 1332(d)(6), patently surpasses the $5,000,000 threshold required by § 1332(d)(2).  The complaint alleges that "[c]osts to the State" resulting from the purported "prescription drug epidemic" were approximately $430 million in 2010, and could rise to as much as $695 million by 2017.  Complaint ¶ 3(a).  Moreover, the relief sought is extraordinarily broad.  Plaintiff seeks:

- temporary and permanent injunctions mandating certain disclosures and submission of a suspicious-order "system" to unspecified state "authorities" for pre-approval;

- a jury trial to determine various "costs, losses and damages" sustained on account of negligent and conscious violations of the West Virginia Uniform Controlled Substances Act; sustained as a proximate result of the maintenance of public nuisances; or sustained as a proximate result of Cardinal Health's alleged negligence in marketing, promoting, and distributing prescription drugs in the State, along with determinations of the amount of "unjust enrichment" to be disgorged by Cardinal Health and a determination of treble damages under the West Virginia Antitrust Act;

- any relief, fees, and costs as may be available under the West Virginia Consumer Credit and Protection Act;

- reimbursement of costs and attorneys' fees;

- the establishment of a medical monitoring program for all West Virginians "at risk for addiction and dependency from exposure to overuse of prescription drugs[;]" and

- a catch-all request for further relief.

12.     Although this class action is disguised, in whole or in overwhelming part, as an action by the Attorney General to vindicate state interests, federal courts have held such actions to be removable under CAFA.  For example, in *Louisiana ex rel. Caldwell v. Allstate Insurance Co.*, 536 F.3d 418 (5th Cir. 2008), Louisiana's attorney general brought suit to redress alleged antitrust violations impacting citizens.  As here, the *Caldwell* plaintiff made collateral claims for relief on behalf of the state.  And as here, the Louisiana attorney general brought his claim through private counsel. *Caldwell*, 536 F.3d at 421 n.2, 423.  The Fifth Circuit held that CAFA supplied federal jurisdiction, pointing out that the attorney general's "argument that it is the only real party in interest is belied by the petition it filed in state court, which makes clear that it is seeking to recover damages suffered by individual policyholders." *Id*. at 429.  Rejecting the Louisiana Attorney General's argument that his claim for injunctive relief rendered Louisiana the real party in interest, the Fifth Circuit explained that "[i]f Louisiana were only seeking that remedy, which is clearly on behalf of the State, its argument that it is the only real party in interest would be much more compelling." *Id*. at 430.  However, as

here, the Louisiana attorney general also sought financial relief belonging to its private citizens, thus rendering the complaint subject to federal jurisdiction.

13.     Moreover, in *State ex rel. McGraw v. Comcast Corp.*, 705 F.Supp.2d 441 (E.D.Pa. 2010), the district court held that a purported *parens patriae* action brought by the Attorney General was properly viewed as a class action subject to CAFA.    Following *Caldwell*, the *Comcast* court held that "Comcast's premium subscribers are the real parties in interest at least for West Virginia's treble damages claim" brought pursuant to the state's antitrust act.  705 F.Supp.2d at 447.  Comparing the Complaint's allegations to those at issue in *Caldwell* and finding them "equally damning," the court concluded that "West Virginia is not seeking relief for its residents in general, but rather for a discrete group of Comcast's premium subscribers.  Therefore, for these claims, especially the treble damages claim, the state has no quasi-sovereign interest." *Id.* at 450.

14.     Moreover, both the *Caldwell* and *Comcast* courts used a "claim-by-claim" approach in assessing whether CAFA jurisdiction was present.  *See Caldwell*, 536 F.3d at 424, 429-430; *Comcast*, 705 F.Supp.2d at 449.  As the *Comcast* court reasoned:

> The claim-by-claim approach does a better job of unearthing a state's real interest in a suit because, unlike the wholesale approach, it does not blur the lines between those claims for which a state has a well-recognized interest, and those claims for which a state's interest is negligible. The claim-by-claim approach prevents a state from wearing two hats in an attempt to disguise itself as the real party in interest for claims for which the true real parties in interest are individual consumers.

*Id.*

15.     Cardinal Health's removal here is distinguishable from cases in which the Attorney General has successfully defeated CAFA removal. *See State ex rel. McGraw v. CVS Pharmacy, Inc.*, 748 F.Supp.2d 580 (S.D.W.Va. 2010), *aff'd*, 646 F.3d 169 (4th Cir. 2011); *State ex rel. McGraw v. JPMorgan Chase & Co.*, ___ F.Supp.2d ___, 2012 WL 414560 (S.D.W.Va. 2012).

16.     The key to this distinction is the Attorney General's apparent assertion of a freestanding power to bring claims on behalf of the state's residents. Although for present purposes it is relevant only to the propriety of this removal, the Attorney General's lack of delegated legislative authority to bring the bulk of this action will eventually doom the unauthorized claims to dismissal for want of standing. In West Virginia, the Attorney General has only those powers "'specified in the constitution and by rules of law prescribed pursuant thereto.'" Syl. pt. 2 (in part), *State ex rel. Fahlgren Martin, Inc. v. McGraw*, 190 W.Va. 306, 438 S.E.2d 338 (1993) (quoting syl. pt. 1 (in part), *Manchin v. Browning*, 170 W.Va. 779, 296 S.E.2d 909 (1982)). Hence, the Attorney General is not his own client and may not bring suit in his own name unless the legislature has given him the power to do so. At any rate, he *has done so* here, and because he cannot be deemed to be exercising any *sovereign* powers except those delegated by the legislature, he can only be acting as a putative private class representative.

17.     In *CVS*, the claim upon which the defendants based their removal was a claim under W.Va. Code § 46-7-111(1), which permits the Attorney General, in a representative capacity, to recover "excess charges" from creditors and to refund such recovery to the specifically affected consumers. Although, in the defendants' (ultimately

unsuccessful) view, this claim "resembled" a class action sufficiently to meet the definition contained in CAFA, this Court and the Court of Appeals disagreed, with the Court of Appeals noting in particular that rather than a Rule 23-type action, the Attorney General had brought "a statutorily authorized action on the State's behalf, asserting claims arising exclusively under state consumer protection statutes." *CVS*, 646 F.3d at 175. Here, in stark contrast, the Attorney General is, at most, statutorily authorized to bring only *two* of the eight claims that he asserts, and, as regards one of those – the consumer protection claim (Count III) – he is statutorily authorized to seek only a sliver of the relief that he purports to seek.[1]

18.    *JPMorgan* is distinguishable for the same reason. Again, the Attorney General's claims were cast as claims of violation of the Consumer Credit and Protection Act, and this Court read the Court of Appeals' decision in *CVS* as precluding any argument that such a statutorily authorized action could be a "class action." 2012 WL 414560 at *9-10. Furthermore, the Court rejected a "claim-by-claim" analysis in favor of an overall look at the "essential nature and effect" of the proceeding. *Id.* at *12. Even if this approach were correct – and Cardinal Health submits that it is not – it is plain that here, unlike in *JPMorgan*, private interests predominate. The Attorney General has wandered far afield of his statutory duties to take on the role of a private litigator for the interests of private parties. Just one of his claims, and a small shard of

---

[1] The Attorney General is authorized by Code § 46A-7-111(2) to seek penalties for certain violations of the Consumer Credit and Protection Act. Count III, however, seeks "all statutory damages available under the" Act, including actual damages, statutory damages, and attorneys' fees under article 5 of the Act. Those remedies are by their terms available *only* to aggrieved consumers. *See* W.Va. Code §§ 46A-5-101, -104, -106.

another, may be brought in his name for the State pursuant to statutory authority. The "essential nature and effect" of *this* suit is the same as any typical class action brought by private litigants. Indeed, the contrast between this suit and a typical Attorney General consumer-protection enforcement action is nicely encapsulated in the jury demand with which he closes the complaint. In actually authorizing him to bring certain actions to enforce the state's consumer protection law, the Legislature specifically *denied* him a right to demand trial by jury. *See* W.Va. Code § 46A-7-112.

19. Moreover, there remains a split among the circuits and the district courts as regards the proper application of CAFA to suits brought in the name of a state or its attorney general in his official capacity. *Compare CVS*, 646 F.3d 169, *with Caldwell*, 536 F.3d 418; *compare JPMorgan*, 2012 WL 414560, *with Comcast*, 705 F.Supp.2d 441. The split of authority must eventually be resolved. Accordingly, and although *CVS* and *JPMorgan* are clearly distinguishable here for the reasons already stated, Cardinal Health submits that *CVS* and *JPMorgan* were wrongly decided (or at least wrongly reasoned) and should be repudiated by the *en banc* Court of Appeals for the Fourth Circuit or, if necessary, by the United States Supreme Court.

20. Cardinal Health reserves the right to supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove and this Court's jurisdiction.

21. No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby preserved.

22. As is required by 28 U.S.C. § 1446(d), Cardinal Health will file a notice and a copy of this Notice of Removal in the office of the Clerk of the Circuit Court

of Boone County, West Virginia, and will further serve copies hereof on counsel for the

Plaintiff.

WHEREFORE, Cardinal Health hereby removes Civil Action No. 12-C-140

from the Circuit Court of Boone County, West Virginia, to the United States District

Court for the Southern District of West Virginia.

Dated:  July 30, 2012.

Respectfully submitted,

**CARDINAL HEALTH, INC.,**

By counsel,

/s/ Carte P. Goodwin
Carte P. Goodwin (WV Bar # 8039)
Johnny M. Knisely II (WV Bar # 4968)
Joseph M. Ward (WV Bar #9733)
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, West Virginia 25301
Phone:        (304) 346-7000
Fax:            (304) 344-9692

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## (CHARLESTON DIVISION)

**STATE OF WEST VIRGINIA**, *ex rel.*
**DARRELL V. MCGRAW, JR.**,
Attorney General,

       Plaintiff,

v.

Civil Action No. _____

[Formally Civil Action No. 12-C-140 in Circuit Court of Boone County, West Virginia]

**CARDINAL HEALTH, INC.**,
an Ohio corporation doing business in
West Virginia,

       Defendant.

## CERTIFICATE OF SERVICE

I, Carte P. Goodwin, counsel for Cardinal Health, Inc., do hereby certify that on the 30th day of July 2012, I served the foregoing **Notice of Removal** upon counsel of record via one or more of the following methods: (1) electronic notification through the Court's CM/ECF system, and/or (2) depositing true copies in the United States Mail, postage prepaid, in envelopes addressed as follows:

Frances A. Hughes
Managing Deputy Attorney General
Office of Attorney General
1900 Kanawha Blvd East
Building 1, Room E-26
Charleston, WV 25305

James M. Cagle
Cagle & James
PO Box 12326
Big Chimney Station
Charleston, WV 25302

/s/ Carte P. Goodwin_____
Carte P. Goodwin (WV Bar # 8039)